UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE SEIFERT,<br><br>            Plaintiff,<br>v.<br><br>JAMES KINDER, an individual; HOME DEPOT, INC., a Delaware corporation,<br><br>            Defendants. | Case No. 3:13-cv-0374-GPC-KSC<br><br>**ORDER SUA SPONTE REMANDING ACTION TO STATE COURT** |

On February 15, 2013, defendant Home Depot, Inc. filed a notice of removal, removing a civil action from the San Diego Superior Court to this Court.[1]

A federal court is one of limited jurisdiction. See Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir.1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 94 (1998). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Id.

Removal jurisdiction is governed by 28 U.S.C. § 1441, et seq. District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. Lowdermilk v. United States Bank Ass'n, 479 F.3d 994, 998 (9th Cir.2007); Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir.1988). There is a strong presumption against

---

[1] San Diego Superior Court case number 37-2012-00069612-CU-PO-EC.

1  removal jurisdiction and federal jurisdiction "must be rejected if there is any doubt as to the right of
2  removal in the first instance." <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir.1992) (per curiam )
3  (citing <u>Libhart v. Santa Monica Dairy Co.</u>, 592 F.2d 1062, 1064 (9th Cir.1979)).  Moreover, "[i]f at
4  any time before final judgment it appears the district court lacks subject matter jurisdiction, the case
5  shall be remanded." 28 U.S.C. § 1447.  As such, sua sponte remand is appropriate where the Court
6  lacks subject matter jurisdiction.  <u>See, e.g.</u>, <u>Maniar v. FDIC</u>, 979 F.2d 782, 785 (9th Cir. 1992) (court
7  may sua sponte remand an action to state court for jurisdictional defects).

8      A state court action can only be removed if it could have originally been brought in federal
9  court. <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).  To establish diversity jurisdiction, the
10 defendant must show: (1) complete diversity among opposing parties and (2) an amount in controversy
11 exceeding $75,000.  <u>See</u> 28 U.S.C. § 1332(a).  The burden is on the party invoking the federal removal
12 statute to demonstrate federal subject matter jurisdiction exists.  See <u>Emrich v. Touche Ross & Co.</u>,
13 846 F.2d 1190, 1195 (9th Cir.1988).  The defendant has the burden of establishing that removal is
14 proper and must support its jurisdictional allegations with competent proof.  <u>Duncan v. Stuetzle</u>, 76
15 F.3d 1480, 1485 (9th Cir.1996); <u>Gaus</u>, 980 F.2d at 566; <u>Nishimoto v. Federman–Bachrach & Assocs.</u>,
16 903 F.2d 709, 712 n.3 (9th Cir.1990).

17     Here, Home Depot asserts in its Notice of Removal that this Court has diversity jurisdiction
18 pursuant to 28 U.S.C. § 1332.  Home Depot asserts it is a citizen of Delaware and Georgia and that
19 Plaintiff is a citizen of California.  Home Depot fails, however, to provide the citizenship of its co-
20 defendant James Kinder.  Plaintiff's Complaint provides: "Plaintiff is informed and believes, and
21 thereon alleges, that defendant JAMES KINDER is, and at all times mentioned, herein, was, an
22 individual residing in the town of Julian, within the unincorporated eastern area of the County of SAN
23 DIEGO, State of California."  Accordingly, from the face of Plaintiff's Complaint, it appears Kinder
24 is also a citizen of California.   This defeats diversity jurisdiction given Plaintiff's California
25 citizenship.  This Court finds that Home Depot has thus failed to meet its burden of demonstrating that
26 this Court has subject matter jurisdiction.  Accordingly, pursuant to 28 U.S.C. § 1447, this Court **SUA**
27 / / /
28 / / /

1 | **SPONTE REMANDS** this action to the San Diego Superior Court.

2 |     **SO ORDERED.**

3 | DATED: February 22, 2013

_____
HON. GONZALO P. CURIEL
United States District Judge